UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT P. FORTMAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> CHANTELL SPOHR, <br><br> Defendant. | CAUSE NO. 1:25-CV-061-GSL-JEM |

OPINION AND ORDER

Robert P. Fortman, Jr., a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Fortman, who is currently incarcerated at the Allen County Jail, alleges he has been on two prescription medications for his seizure disorder for at least ten years—Fycompa (perampanel) and Neurontin (gabapentin). This mediation was prescribed by

his outside neurologist, Cassandra Rentschler. On February 7, 2025, just two days before he signed his complaint,[1] Chantell Spohr, a nurse practitioner employed by Quality Correctional Care within the Allen County Jail, discontinued both his perampanel and gabapentin without explanation. Fortman claims he is "allergic to a lot of seizure and antidepressant medications, and a lot of other seizure medications simply do not help." ECF 1 at 3. He claims these medications are a "vital necessity, every day." *Id*. He has sued Nurse Practitioner Spohr for monetary damages in the amount of "$200,000 for injury/pain and emotional distress for likelihood of seizure/injury w/o seizure medications in the future" and the Sheriff of Allen County for injunctive relief to reinstate his prescription seizure medications. *Id*. at 4.

Fortman has also filed a motion for preliminary injunctive relief. He provides the same basic information found in his complaint but also states that "these medications are vital for every day living injury free." ECF 2 at 1. He asks the court to order the Sheriff of Allen County to "reinstate these medications in crushed form as they were since last November." *Id*.[2]

Fortman is a pretrial detainee, so his medical claims must be analyzed under the Fourteenth Amendment. *See generally Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir.

---

[1] It's unclear whether Fortman exhausted his administrative remedies before filing suit as required pursuant to 42 U.S.C. § 1997e(a) during that short timeframe. However, because he checked the box on the complaint form indicating he did, the court will not raise the exhaustion issue *sua sponte* but will instead leave it to the defendant to pursue that affirmative defense if deemed appropriate.

[2] Interestingly, in contrast, Fortman filed a motion for preliminary injunctive relief in his other ongoing medical case specifically asking the court to issue an order <u>prohibiting</u> the crushing of his medication. *See Fortman v. Allen County Sheriff*, cause no. 1:24-CV-512-GSL-JEM (filed Dec. 4, 2024) at ECF 3.

2

2018). As such, he is entitled to constitutionally adequate medical care for his serious medical needs, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to an inmate's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). Whether a defendant is providing reasonable care is determined by a purely objective standard. *Id.* First, the plaintiff must allege the defendant performed a volitional act or made a deliberate choice not to act. *Id.* at 570. "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Id.* "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable [individuals] under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). Whether the defendant actually knew that his action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "[W]hen evaluating whether challenged conduct is objectively unreasonable, courts must focus on the totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (quotation marks omitted).

Fortman claims his seizure medications were discontinued by Nurse Spohr on February 7, 2025. He signed his complaint and deposited it into the prison mail system

3

just two days later.³ He has not plausibly alleged he suffered any seizures, experienced additional pain, or was otherwise injured during those two days. The body of his complaint is simply bereft of any such details. Instead, he seeks $200,000 in damages because he is worried that he will experience future seizures and because this situation is causing him emotional distress. However, inmates who do not allege a physical injury are barred from recovering damages for mental and emotional injuries alone. *See Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003) (citing 42 U.S.C. § 1997e(e)); *see also Bolden v. Mezo*, No. 22-1571, 2023 WL 4488861, at *2 (7th Cir. July 12, 2023) ("An injury is necessary for a constitutional tort under § 1983."). Speculation about possible future seizures isn't sufficient to subject Nurse Practitioner Spohr to liability here. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) (speculative risk to inmate's life was "not compensable without evidence of injury"). Accordingly, based on the sparse details in Fortman's complaint, he has not stated a plausible claim against Nurse Practitioner Spohr for $200,000 in compensatory damages.⁴

---

³ He attached three request forms about the matter to his complaint: (1) dated February 7, 2025, at 6:00 PM, was responded to by a correctional officer on February 9, 2025, noting, "I'll speak with nursing but you also have to write them. Thank you Fortman!;" (2) dated February 7, 2025, was responded to by a Quality Correctional Care employee on February 8, 2025, noting, "Forwarded for review;" and (3) dated February 8, 2025, at 6:00 PM, does not appear to have been responded to yet. *See* ECF 1-1 at 1–3.

⁴ As noted above, the relief section of his complaint seeks "$200,000 for injury/pain and emotional distress for likelihood of seizure/injury w/o seizure medications in the future." ECF 1 at 4. Because he does not describe any injuries or pain in the body of his complaint and has not specifically requested punitive damages—nor plausibly alleged conduct by Nurse Practitioner Spohr that would subject her to such damages—it is reasonable to infer that the $200,000 Fortman seeks is for compensatory damages only. *See e.g., Stewardson v. Titus*, 126 F.4th 1264, 1272 (7th Cir. 2025) ("Punitive damages are only appropriate, the Court has said, when a defendant's conduct was driven by evil motive or intent or when it involve[d] reckless or callous indifference to the federally protected rights of others.") (internal quotation marks and citation omitted).

With regard to his injunctive relief claim, however, § 1997e(e) is no bar. *See Hacker v. Dart*, 62 F.4th 1073, 1078 (7th Cir. 2023) ("[T]his limitation applies only to compensatory damages—not nominal damages, punitive damages, or injunctive relief.") (citing *Thomas v. Ill.*, 697 F.3d 612, 614 (7th Cir. 2012)). Fortman claims a decision was made to abruptly stop his prescription seizure medication, that he has not been prescribed a replacement, and that he is allergic to alternatives. Although further factual development may show that discontinuing Fortman's seizure medication is objectively reasonable under the circumstances, it is too early to tell at this point. Giving him the benefit of the inferences to which he is entitled at the pleading stage, Fortman has alleged enough to proceed on a Fourteenth Amendment claim to ensure he is receiving constitutionally adequate medical care going forward. The Sheriff of Allen County is the appropriate person to ensure Fortman receives the medical care he is entitled to under the Fourteenth Amendment. *See Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Fortman will be permitted to proceed against the Sheriff in his official capacity solely for injunctive relief related to his need for constitutionally adequate medical care.

Turning to Fortman's motion for preliminary injunctive relief, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Ind.*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.* at 792.[5] On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

"Mandatory preliminary injunctions" requiring the defendant to take affirmative acts—such as transferring an inmate or providing him with additional medications—are viewed with particular caution and are "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context,

---

[5] The Seventh Circuit has recognized the first step is "often decisive," and a court need not analyze the remaining elements when that is the case. *Univ. of S. Ind.*, 43 F.4th at 791.

6

the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted).

At present, the court only has Fortman's version of events which does not include detailed information about his medical history and whether it is currently medically appropriate to discontinue his seizure medications. As such, it is difficult to assess whether he is likely to succeed in proving that his ongoing care violates the Constitution, which requires more than a showing of negligence or even gross negligence. *Miranda*, 900 F.3d at 353-54. In light of the limitations on granting injunctive relief in the correctional setting, the court will order a response from the Sheriff before taking further action on Fortman's request for a preliminary injunction.

For these reasons, the court:

(1) GRANTS Robert P. Fortman, Jr., leave to proceed against the Sheriff of Allen County in his official capacity to obtain constitutionally adequate medical care with regard to the treatment of his seizure disorder as required by the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Nurse Practitioner Chantell Spohr as a defendant;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on)

the Sheriff of Allen County by email to the Allen County Sheriff's Department with a copy of this order, the complaint (ECF 1), and the motion for preliminary injunction (ECF 2) pursuant to 28 U.S.C. § 1915(d);

(5) DIRECTS the clerk to fax or email a copy of the same documents to the Sheriff at the Allen County Sheriff's Department;

(6) ORDERS the Allen County Sheriff's Department to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(7) ORDERS the Sheriff of Allen County to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **March 12, 2025**, with supporting documentation and declarations from medical staff as necessary, addressing the status of the plaintiff's seizure disorder and any related prescription medications he is currently receiving; and

(8) ORDERS the Sheriff to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 19, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT